UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GLENN GOODWIN,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER BILLINGS, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01708-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF No. 22] |

Plaintiff Patrick Glenn Goodwin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed May 21, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's failure to protect claim against Defendants Billings and Yang.

As previously stated, on May 21, 2018, Defendants filed a motion to dismiss the action. (ECF No. 22.)

On June 13, 2018, Plaintiff filed an opposition. (ECF No. 23.) Defendants filed a reply on June 19, 2018. (ECF No. 24.)

///

## II.

## LEGAL STANDARD

A motion to dismiss, based on res judicata grounds, is properly made under Federal Rule of Civil Procedure 12(b)(1). Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 763 (9th Cir. 2007). However, the court applies California law on claim preclusion to cases brought in federal court under 42 U.S.C. § 1983. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

///

///

# III.
# DISCUSSION

### A.     Summary of Plaintiff's Complaint

On March 28, 2015, Plaintiff was scheduled to be released from Corcoran's hospital. Plaintiff contends Defendants Officers Richard Billings and Vang Yang were aware of a chrono that documented Plaintiff's enemy concerns in the B yard and were warned by medical staff of Plaintiff's security concerning regarding enemies within that yard. Plaintiff had previously been stabbed by these enemies. Plaintiff contends the chrono provided Defendants specific instruction to take Plaintiff first to the main B yard office. However, Defendants ignored the instructions and took place directly to B unit.

While Defendants escorted Plaintiff to B yard, Plaintiff contends that he advised Defendants about his enemy concerns. However, despite such warning, Defendants continued to transport Plaintiff to B yard. Defendant Billings stood on Plaintiff's left side, and Defendant Yang stood on Plaintiff's right side, while Plaintiff was in four-point restraints. When Plaintiff realized that Defendants were transporting him to B yard despite his warnings and the chrono, Plaintiff feared for his life and resisted by sitting down. After he sat down, Defendant Billings shoved Plaintiff's face to the ground.

### B.     Request for Judicial Notice

Defendants request the Court take judicial notice of the following records and documents:

1. People v. Patrick Glenn Goodwin, No. 15CKMS-7387 (Super. Ct. King's County Feb. 3, 2016) Criminal Information; Felony Abstract of Judgment. (RJN Ex. A);
2. Goodwin v. People, 2017 WL 933035. (RJN Ex. B);
3. Goodwin v. Spearmen, No. 17-cv-01604-LJO-JLT (E.D. Cal. Dec. 4, 2017) Plaintiff's Petition for Writ of Habeas Corpus and attached exhibits (ECF No. 1); Findings and Recommendations of Magistrate Judge Jennifer Thurston (ECF No. 5); Order of District Judge Adopting the Findings and Recommendations of the Magistrate Judge and Declining to Issue a Certificate of Appealability. (ECF No. 6). (RJN Ex. C); and
4. People v. Patrick Goodwin, No. 519375-0 (Super Ct. Fresno County Jan. 10, 1995)

Felony Abstract of Judgment. (RJN Ex. D.) (RJN, Exs. A-D; ECF No. 22-2.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

Because the Court may take judicial notice of court record's because they are readily ascertainable facts under Rule 201(b)(2), Defendants' request to take judicial notice of Exhibits A through D is granted.

**C.     Motion to Dismiss**

Defendants first argue that Plaintiff's claims against Defendants are barred by the favorable termination doctrine as set forth in Heck v. Humphrey, 512 U.S. 477, 487 (1977). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted). The Court also stated in Heck, however, that "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the

4

absence of some other bar to the suit." Id. at 487.

Subsequently to Heck, the Ninth Circuit has held that "under certain circumstances a plaintiff's § 1983 claim is not Heck-barred despite the existence of an outstanding criminal conviction against him." Jackson v. Barnes, 749 F.3d 755, 759–60 (9th Cir. 2014). See also Lockett v. Ericson, 656 F.3d 892, 896–97 (9th Cir. 2011) (plaintiff who pled nolo contendre to reckless driving was not Heck-barred from bringing a § 1983 claim based on an alleged unlawful search because the outcome of the claim had no bearing on the validity of the plaintiff's plea); Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005) (en banc) (plaintiff convicted of resisting arrest could bring a § 1983 action for excessive use of force if the excessive force was employed against him after he had engaged in the conduct that constituted the basis for his conviction, because in such a case success on his § 1983 action would not imply the invalidity of the conviction). Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." City of Hemet, 394 F.3d at 695 (quoting Heck, 512 U.S. at 487). Thus, "a plaintiff's claims are barred when they depend or rely on a theory that calls into question whether he committed the offense for which he was convicted." Hodge v. Gonzales, Case No. 1:15-cv-01618-AWI-BAM (PC), 2017 WL 931829, at *5 (E.D. Cal. Mar. 9, 2017); see also Farley v. Virga, Case No. 2:11-cv-1830 KJM KJN P, 2013 WL 3992392, at *6 (E.D. Cal. Aug. 1, 2013) ("[P]laintiff cannot demonstrate that prison officials were deliberately indifferent to a substantial risk of harm if plaintiff initiated the harm."); Garces v. Degadeo, Case No. 1:06-cv-1038-JAT, 2010 WL 796831, at *1 (E.D. Cal. Mar. 5, 2010) (failure to protect claims barred because Plaintiff's claim that Defendants failed to protect him from his cellmate contradicted his rules violation conviction for mutual combat with that same cellmate).

In the context of an excessive force claim, if the alleged use of excessive force happened after the conduct on which the Plaintiff's criminal conviction is based, then the excessive force claim would not necessarily conflict with the criminal conviction. Smith v. City of Hemet, 394 F.3d 689, 697-98 (9th Cir. 2005). "[A]lthough Heck does not bar excessive force claims based on police conduct that occurred 'separate and independent' from the facts giving rise to the plaintiff's prior conviction, where the alleged wrongful conduct that forms the basis of the § 1983 claim is part of a single act for which

plaintiff was already convicted, Heck bars such claims." Velarde v. Duarte, 937 F.Supp.2d 1204, 1210 (9th Cir. 2013).

Plaintiff argues that his claims are not barred by Heck because the Defendants' actions in failing to protect him from potential harm occurred prior to any action of the "so-called battery." However, Plaintiff's failure to protect theory contradicts his conviction of battery.

Plaintiff was charged by way of a criminal information for battery on Defendant Billings for an incident which took place on March 28, 2015. (RJN, Ex. A.) After a jury trial, Plaintiff was convicted of battering Defendant Officer Billings. (Id.) The facts underlying Plaintiff's conviction are set forth in the appellate decision affirming Plaintiff's conviction. (People v. Goodwin, No. F073204, 2017 WL 933035, at *1 (Cal. Rptr. 3d 2017); RJN, Ex. B.) Defendants Billings and Yang escorted Plaintiff from Corcoran's hospital to a facility at B yard. (Id.) As they approached the housing unit, Plaintiff resisted the officers. (Id.) A struggle ensued, and Plaintiff forcefully struck Defendant Billings with his shoulder. (Id.) Defendant Yang forced Plaintiff to the ground in an attempt to subdue him. (Id.) Plaintiff attempted to present to the jury that he was concerned for his safety. (Id.)

It is clear that Plaintiff was convicted of battery under California Penal Code section 4501.5. (RJN, Ex. A.) The elements of a conviction under section 242 required proof that: (1) the plaintiff be a person confined in a state prison; (2) the plaintiff committed a battery; and (3) the batter was committed on any individual who is not himself confined therein. Cal. Penal Code § 4501.5. A "battery" is defined as any "willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. A correctional officer is allowed to use reasonable force when transporting a prisoner; however, "[a] correctional officer is not permitted to use unreasonable or excessive force on an inmate in making an otherwise lawful escort." People v. Coleman, 84 Cal.App.3d 1016 (1978). Self-defense is a defense to battery and requires evidence that "the [Plaintiff] must actually believe in the need to defend himself against imminent peril to life or great bodily injury." People v. Jaspar, 98 Cal.App.4th 99, 106 (2002).

Plaintiff's battery conviction resulted in a sentence of four years to be served consecutive to his previous sentence. (RJN, Ex. A.) Although Plaintiff appealed his conviction, the appellate court upheld his battery conviction. (RJN, Ex. B.) Further, Plaintiff's federal petition for writ of habeas

corpus filed in this Court was dismissed without prejudice on January 9, 2018. (RJN, Ex. C.) Thus, it is clear that Plaintiff's criminal conviction for battery on a non-confined person has not been invalidated. Furthermore, at the time of Plaintiff's criminal conviction, he was serving an indeterminate sentence of 25 years to life with the possibility of parole for felon in possession of a firearm. (RJN, Ex. D.) Because Plaintiff's four-year sentence was to be served consecutive to his 25 years to life sentence, were Plaintiff to reach his parole date for the indeterminate sentence, he would still have to serve the additional four-year sentence for his battery conviction before parole. Therefore, Plaintiff's four-year consecutive sentence indisputably affected the length of his incarceration.

As a stand-alone claim, a failure to protect or excessive claim is not always barred by Heck. However, here, the applicability of Heck to Plaintiff's failure-to-protect and excessive force allegations relies not on the timing of the battery, but rather on Plaintiff's theory that he merely sat down and, in effect, never battered Defendant Billings which directly contradicts the jury's determination that he committed a battery on Officer Billings. As set forth in the appellate court's decision affirming Plaintiff's conviction of battery, the factual findings underlying his conviction are as follows:

> Correctional officer Richard L. Billings was employed at California State Prison, Corcoran, California. He and another correctional officers were escorting [Plaintiff] from the correctional treatment center to a housing unit on the day in question. As the group approached the housing unit, [Plaintiff] began to resist further movement. A struggle ensued. During the struggle, [Plaintiff] used his shoulder to hit Billings in the left biceps, knocking Billings off balance. Billings and the other officer were eventually able to gain control of [Plaintiff]. Billings suffered minor pain in his left biceps, which did not require medical treatment.
>
> Billings further testified that prior to beginning the transport, [Plaintiff] commented he would "'see [me] in Ad. Seg. Real soon.'" After the struggle, Billings concluded [Plaintiff] may have instigated the confrontation so he would be put in administrative segregation.
>
> Correctional officer Vang Yang was assisting Billings in moving [Plaintiff] from the correctional treatment center to a housing unit. Initially, Yang was walking slightly behind and to the left of [Plaintiff]. When [Plaintiff] started resisting, Yang ordered him to stop. [Plaintiff] then made contact with Billings, causing Billings to stumble. Yang forced [Plaintiff] to the ground. [Plaintiff] continued to resist while on the ground for a short while and then calmed down.

Goodwin, 2017 WL 933035, at *1.

Plaintiff now contends that he did not batter Defendant Billings, and contends that he "slowly and professionally let his body weight go down to a sitting position." (Sec. Amd. Compl. at 4, ECF No. 15.) Plaintiff contends that he did so because Defendants knew or should have known that they were taking him into harm's way. (Id.) Plaintiff's allegation negates the elements of his battery conviction and "calls into question whether he committed the offense for which he was convicted." Hodge v. Gonzales, No. 1:15-cv-01618-AWI-BAM (PC), 2017 WL 931829, at *5 (E.D. Cal. Mar. 9, 2017). Furthermore, if Plaintiff's theory were accepted, it would have to be found that Defendants use of force was unlawful, and Plaintiff would have been entitled to forcibly resist Defendants. However, the appellate court in affirming Plaintiff's conviction specifically rejected the contention that Plaintiff's fear of danger justified his acts of resistance. Goodwin, 2017 WL 933035, at *3. Plaintiff could not have been convicted of battery, an act which necessarily means an unlawful and willful use of force was applied to Defendant Officer Billings, and now allege a theory that directly contradict his previously established criminal conduct. Plaintiff's theory that he did nothing but gently let his weight fall down is directly inconsistent with Plaintiff's conviction for battery concerning the same incident.

In addition, to the extent Plaintiff contends that Defendants used excessive force during the March 28, 2015, incident, such claim is foreclosed. To prove such claim, Plaintiff would have to demonstrate that the force was excessive and unnecessary under the circumstances, and that Defendants acted maliciously and sadistically for purpose of causing harm. To overcome the Heck challenge, Plaintiff must demonstrate that his claim is not "fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought." Smith v. City of Hemet, 394 F.3d at 695 (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (internal quotations omitted). Based on the allegations, Defendants conduct occurred within the same temporal space as the battery conviction, not separate from it. In Beets v. County of Los Angeles, the Ninth Circuit found that Heck barred the claim of excessive force when there was no break between the plaintiff's assault with a pickup truck and the defendant's use of a firearm to end the plaintiff's criminal conduct. 669 F.3d 1038, 1044 (9th Cir. 2012). These acts were deemed to be "within the temporal scope of [plaintiff's]

crime and were part of the single act for which the jury found that [the co-defendant] was responsible." Id. Similarly, here, there is no break between the battery that Plaintiff committed on Defendant Billings and Billing's alleged act to bring Plaintiff back under his control. Plaintiff's second amended complaint does not articulate facts that plausibly establish that his claim is distinct temporally and spatially from the incident which led to his conviction of battery on Officer Billings. Smith, 394 F.3d at 699. Therefore, Plaintiff cannot now contend that the force used was excessive when it was logically, temporally, and spatially part of the conduct underlying his conviction. The Court recommends that Defendants' motion to dismiss be granted, and the action be dismissed, without prejudice.[1]

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' request for judicial notice be granted; and

2. Defendants' motion to dismiss the action, without prejudice, be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 11, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[1] Although Defendants request that the dismissal be *with* prejudice, the Court finds it should be dismissed *without* prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (dismissal under Heck are "required to be without prejudice so that [the plaintiff] may reassert his claims if he ever succeeds in invaliding his conviction").