UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GLENN GOODWIN,,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER BILLINGS, et al.,,<br><br>Defendant. | No. 1:17-cv-01708-DAD-SAB<br><br>ORDER FINDING APPEAL NOT TAKEN IN GOOD FAITH<br><br>(Doc. No. 35) |

Plaintiff Patrick Glenn Goodwin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth Amendment. On October 31, 2018, this court dismissed the action without prejudice, concluding the action was barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. No. 30.) On November 30, 2018, plaintiff filed a notice of appeal. (Doc. No. 32.) On December 6, 2018, the United States Court of Appeals for the Ninth Circuit referred the matter to this court for a determination of whether the appeal is frivolous or taken in bad faith pursuant to 28 U.S.C. § 1915(a)(3). (Doc. No. 35.)

An appeal is taken in good faith if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma*

1

*pauperis* as a whole). A frivolous action is one "lacking [an] arguable basis in law or in fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

    The court dismissed this action on the ground that plaintiff's complaint was barred by the decision in *Heck* because the success of his claims—that defendants used excessive force against him and demonstrated deliberate indifference for his safety—would "necessarily imply or demonstrate the invalidity of [his] earlier conviction or sentence" for battery. (Doc. No. 30 at 2) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005)). As noted in the findings and recommendations and in the order adopting those findings and recommendations, plaintiff attempted to proceed in this civil rights action on the theory that he did not commit a battery on defendant correctional officer Billings – the very crime for which plaintiff was convicted, with that conviction having been affirmed on appeal in state court. In his appeal of this court's dismissal order, plaintiff does not identify any legitimate grounds for appeal and, instead, reiterates the same arguments that this court rejected. Primarily, plaintiff contends that his case is not barred because defendants transported him to an area of the prison where they knew he had enemies. (Doc. No. 32 at 3–5.) Be that as it may, plaintiff's appeal does not dispute the fact that his claims alleging violations of his Eighth Amendment rights necessarily imply the invalidity of his earlier state court conviction for battery. The court can discern no basis for plaintiff's appeal other than his mere disagreement with the court's ruling, which does not suffice to demonstrate good faith.

    Given the foregoing:

1. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court finds that the appeal was not taken in good faith; and

/////

/////

/////

/////

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Clerk of the Court is directed to serve this order on plaintiff and the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **December 18, 2018**

_____
UNITED STATES DISTRICT JUDGE